# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ARTURO ORTIZ,<br><br>           Petitioner,<br>vs.<br>W. J. SULLIVAN, Warden,<br><br>           Respondent. | CASE NO. 07CV0494 WQH (PCL)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

HAYES, Judge:

The matter pending before the Court is Petitioner's application for a certificate of appealability. (Doc. # 45).

## BACKGROUND

On March 29, 2007, Petitioner filed the presently pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of California. (Doc. # 1). On August 14, 2008, Magistrate Judge Peter C. Lewis issued a Report and Recommendation recommending that the Court deny Petitioner's Petition and deny Petitioner's Motion for Stay and Abeyance. (Doc. # 34). On September 22, 2008, Petitioner filed objections to the Report and Recommendation. (Doc. # 38). On October 30, 2008, this Court adopted the Report and Recommendation, in its entirety, and denied Petitioner's Habeas Petition and Petitioner's motion for stay and abeyance. (Doc. # 43).

On December 3, 2008, Petitioner filed a Notice of Appeal (Doc. #44) and a Motion for

a Certificate of Appealability (Doc. #45) now before this Court.

## RULING OF THE COURT

"The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To this end, it must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "Upon the filing of a notice of appeal and a request for a certificate of appealability, the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted." *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (citing 28 U.S.C. § 2253(c)(3)).

Petitioner alleges that the court should grant his motion for a certificate of appealability on the following claims: (1) that the trial court's denial of his motion for disclosure of juror information regarding potential juror misconduct violated his Sixth Amendment right to an impartial jury, (2) that there was insufficient evidence to support the convictions for conspiracy to commit kidnaping for robbery and kidnaping for robbery, (3) that the trial court erred in not requiring the jury to unanimously agree on which act constituted movement for the purposes of kidnaping, and (4) that the trial court imposed upper terms on counts five through eight, and consecutive sentences on counts one, three and four in violation of the Sixth Amendment. (Doc. # 45).

After reviewing the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's objection to the Magistrate Judge's Report and Recommendation, this Court's Order adopting the Report and Recommendation and denying the Petition, and the notice of appeal, the Court concludes that Petitioner has not made a substantial showing of the denial

of a constitutional right and that the state court decision denying Petitioner's habeas claim was neither contrary to, nor an unreasonable application of clearly established U.S. Supreme Court law. The Court concludes that reasonable jurists could not find that Petitioner was denied his constitutional right to a trial by an impartial jury when the trial court refused to order the disclosure of juror information. The trial court conducted an investigation and hearing regarding the alleged juror misconduct and removed a potentially biased juror; Petitioner failed to offer evidence of further juror bias or misconduct. The Court further concludes that it is not debatable among reasonable jurists that there was a lack of evidence at trial to support Petitioner's conviction for aggravated robbery, that Petitioner was entitled to a unanimity instruction or unanimous jury verdict, or that consecutive sentences and upper terms could not have been applied in sentencing Petitioner.

IT IS HEREBY ORDERED that Petitioner's motion for a certificate of appealability (Docs. # 45) is DENIED in its entirety.

DATED: February 26, 2009

                                          **WILLIAM Q. HAYES**
                                          United States District Judge